RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID MADDUX,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **STACKIN, INC.,** a Delaware corporation, and **STACKIN FINANCIAL, LLC,** a Delaware limited liability company, | |
| *Defendants.* | |

## CLASS ACTION COMPLAINT

Plaintiff David Maddux ("Maddux" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Stackin, Inc. ("Stackin Inc.") and Stackin Financial, LLC ("Stackin Financial") to stop the Defendants from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, including to consumers who have

registered their phone numbers on the national Do Not Call registry ("DNC"), and

to otherwise obtain injunctive and monetary relief for all persons injured by

Defendants' conduct. Plaintiff, for his Complaint, alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by his

attorneys.

## INTRODUCTION

1.     Stackin, Inc. is a technology company that markets financial products

and services to millennials and provides products and services such as a Stackin

bank account.

2.     Stackin Financial, LLC is a registered investment adviser and is

wholly owned by Stackin, Inc. Stackin Financial, LLC charges consumers a

monthly fee for their investment recommendation services.

3.     In connection with these efforts, Stackin, Inc. on its own behalf and

on behalf of Stackin Financial, LLC sends out unsolicited autodialed text messages

to consumers who never consented to receive such text messages to visit Stackin,

Inc.'s website to obtain products and services from Defendants.

4.     Defendants sent numerous unsolicited autodialed text messages to the

Plaintiff without obtaining his prior written express consent and despite Plaintiff

having his phone number registered on the Do Not Call registry specifically to avoid unsolicited telemarketing.

5.     In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring the Defendants to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and to other phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

## PARTIES

6.     Plaintiff Maddux is a Council Bluffs, Iowa resident.

7.     Defendant Stackin, Inc. is a Delaware corporation headquartered in Los Angeles, California. Defendant Stackin, Inc. conducts business throughout this District, the State of California, and the United States.

8.     Defendant Stackin Financial, LLC is a Delaware limited liability company also headquartered in Los Angeles, California. Defendant Stackin Financial, LLC conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

9.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10.     This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District, both Defendants are registered to do business in California, and both Defendants do significant business in this District arising from their unsolicited text marketing scheme.

## COMMON ALLEGATIONS

**Defendants Violate the TCPA By Sending Autodialed Text Messages to Consumers, Including to Consumers Whose Phone Numbers Are Registered on the DNC**

11.     Stackin, Inc. markets the Stackin app and a text message based service.

12.     Stackin Financial, LLC is a paid advisory service that Stackin, Inc. advertises to consumers on its website.

13.     Stackin, Inc. and Stackin Financial, LLC work in concert to generate leads in the hopes of turning consumers into users of Stackin, Inc. and paid users of Stackin Financial, LLC.  Stackin Financial, LLC directly benefits from the text message-based lead generation by Stackin, Inc.

14.     Defendants send out unsolicited autodialed text messages to consumers soliciting their purchase of financial products and services from Stackin, Inc., Stackin Financial LLC, and other companies that partner with Stackin, Inc. to offer its services to consumers.

15.     These text messages are sent automatically to consumers from Stackin, Inc.'s shortcode 25748.

16.     Stackin, Inc. uses clever "conversational marketing" that makes the text messages appear as a conversation.  In reality, Stackin, Inc.  sends out pre-programmed, generic text messages to users from a single shortcode and converses with them using a pre-programmed text message autoresponder.

17.     The purpose of these text messages is to lure consumers into visiting Stackin, Inc.'s landing pages where they advertise their own bank account to consumers, their paid investing service by Stackin Financial, LLC, and other recommended products and services that Stackin, Inc. makes a commission from.

18.     Stackin, Inc. partners with financial service providers such as SallieMae, Tab Bank, and Live Oak, and directs consumers who click on Stackin, Inc.'s links in the text message to Stackin, Inc.'s website where Stackin, Inc. recommends opening up a bank account with these financial service providers for which Stackin, Inc. receives a commission.



19.     In fact, as Stackin, Inc. explains it on their "Partnerships" page:
"Why Partner With Us: We are an award-winning team of experts and creatives
that are dedicated to helping brands engage with young consumers."  Stackin, Inc.
further states: "Leverage Stackin's creative expertise and voice to…help your
brand start a relationship with millions of fans across the web looking to improve
their finances."[1]

20.     If a company like Sallie Mae, Tab Bank, or Live Oak is interested in
"partnering" with Stackin, Inc. they text ADVERTISE 25748, the same short code
that sent the unsolicited text messages to Plaintiff to show their interest in
advertising with Stackin, Inc.:

---

[1] https://www.startstackin.com/partnerships



21.     Plaintiff never gave Defendants Stackin, Inc., Stackin Financial, LLC, or any of Stackin, Inc.'s financial service provider partners prior written express consent to send him autodialed text messages to his cell phone number registered on the Do Not Call registry.

22.     The FCC has warned companies like Stackin Financial, LLC and Stackin, Inc.'s other financial service provider partners that they cannot avoid liability by outsourcing their telemarketing:

> "[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amendable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and

less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Join Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC 6574, at ¶37 (2013) ("FCC 2013 Ruling") (citations omitted).

23.     Despite this warning, Stackin Financial, LLC entered into an express and/or implied contractual relationship with Stackin, Inc. (and is wholly owned by Stackin, Inc.) to send out text messages soliciting consumers to visit Stackin, Inc.'s website where they can sign up a for a paid service from Stackin Financial, LLC.

24.     Stackin Financial, LLC is liable for Stackin, Inc's calls because Stackin, Inc. served as Stackin Financial LLC's agent in sending out the text messages.  On information and belief, Stackin Financial, LLC was involved in the type of message that Stackin, Inc. would send on its behalf and retained the benefit and value of the telemarketing from Stackin, Inc.

25.     In sending the unsolicited text messages, Defendants, or a third party acting on their behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text messages, including the ability to trigger

automated responses by replying to the text messages, the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

**Plaintiff Received Unsolicited Autodialed Text Messages to His Cell Phone Despite Registering His Phone Number on the DNC**

26.    On March 20, 2019 Plaintiff Maddux registered his cellular phone number on the DNC in order to avoid receiving unwanted phone and text solicitations.

27.    Maddux's cellular phone number is not associated with a business and is for personal use.

28.    Towards the end of May, 2019, Maddux began receiving unsolicited, autodialed text messages from Defendants using shortcode 25748.

29.    For example, on May 27, 2019 at 1:01 PM, Plaintiff Maddux received an autodialed text message to his cell phone from Defendant Stackin, Inc. stating, "The key to investing is thinking long term. Ask yourself, is this company or industry still going to be a thing in 10 years? 20 years?" Plaintiff received a second text also at 1:01 PM stating, "Like cannabis! It's gonna be around for a long time, but it's still risky right now. So here's 1 way u can minimize that risk: https://stckn.co/-QHe83."

30.    When a consumer clicks on the link (https://stckn.co/-QHe83) they are presented by Stackin, Inc. with the following recommended savings accounts from Stackin, Inc.'s advertising partners:



31.    On May 28, 2019, Plaintiff received a text message from Stackin, Inc.'s shortcode 25748 which stated "We all wanna be wealthy but how do we get there, David?" Plaintiff then received another text message that read "Truth is, millionaires are just like us…but they use the power of compounding interest so

their money makes them even more money." Plaintiff received a third text message stating: "The easiest way to build ur stack is to find a savings account that makes ur money grow by at least 2%. Here are our faves: https://stckn.co/xOdYH3."

32.    Clicking on https://stckn.co/xOdYH3 also leads to recommended savings accounts advertised by Stackin, Inc. on behalf of its partners.

33.    On May 31, 2019 at 1:03, Plaintiff received another set of three text messages from Stackin, Inc. using shortcode 25748 stating, "So what's the next step, David?"; "Build ur investing stack! And don't worry… we're not gonna tell u to get rid of ur gym membership or start brewing coffee at home"; and "Instead, switch to a bank that tracks ur spending & saves u hundreds on fees! Here's our fave: https://stckn.co/9YHvJ-"

34.    On June 1, 2019, Plaintiff received an autodialed text message stating, "Speaking of investing, check out our web app to unlock new ways to earn & save to fund ur 1st investment: https://stckn.co/P-4A2J." The link goes to their website app.startstackin.com where the user can download Stackin's app.

35.    On June 2, 2019 at 1:02 PM, Plaintiff received an autodialed text message stating, "Hey David, almost anyone can invest these days & u don't even need another job to start! Here how to save w/out giving up fun: https://stckn.co/dPJ6Hh."

36.    Clicking https://stckn.co/dPJ6Hh leads to a page marketing savings

accounts:



37.    The text messages that Plaintiff received do not include opt-out

instructions. Notwithstanding, on June 3, 2019 at 1:09 PM, Plaintiff texted "Stop"

to shortcode 25748. He received an immediate automated response from Stackin,

Inc. stating, "You are unsubscribed from Start Stackin alerts. No more messages

will be sent. Removed by mistake? Reply OOPS to rejoin."

38.    Plaintiff has never had a relationship with Stackin, Inc., Stackin

Financial, LLC, or Stacking Financial's financial service provider partners, and has

never provided them express written consent to contact him.

---

[2] https://app.startstackin.com/objects/17?stcknl_id=dPJ6Hh

39.     The unauthorized text messages sent by Defendants as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Maddux's use and enjoyment of his cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

40.     Seeking redress for these injuries, Maddux, on behalf of himself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, and solicitation text messages to phone numbers registered with the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

41.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

**<u>Stackin, Inc. Autodialed No Consent Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Stackin, Inc. (or an agent acting on behalf of Stackin, Inc.) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform used to text message Plaintiff, (4) for whom Stackin, Inc. claims (a) it obtained prior express written consent in the same manner as Stackin, Inc. claim it supposedly obtained prior express

written consent to text message Plaintiff, or (b) it did not obtain prior express written consent.

**Stackin, Inc. Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Stackin, Inc. (or an agent acting on behalf of Stackin, Inc.) texted more than one time; (2) within any 12-month period (3) where the person's residential telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Stackin, Inc. texted Plaintiff; and (5) for whom Stackin, Inc. claims (a) it obtained prior express written consent in the same manner as Stackin, Inc. claim it supposedly obtained prior express written consent to text message Plaintiff, or (b) it did not obtain prior express written consent.

**Stackin, LLC Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Stackin, Inc. (or an agent acting on behalf of Stackin, Inc.) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform used to text message Plaintiff, (4) regarding Stackin, LLC, (5) for whom Defendants claim (a) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to text message Plaintiff, or (b) they did not obtain prior express written consent.

**Stackin, LLC Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Stackin, Inc. (or an agent acting on behalf of Stackin, Inc.) texted more than one time; (2) within any 12-month period (3) where the person's residential telephone number had been listed on the DNC for at least thirty days; (4) regarding Stackin, Inc.; and (5) for whom Defendants claims (a) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to text message Plaintiff, or (b) they did not obtain prior express written consent.

42.     The following individuals are excluded from the Classes: (1) any

Judge or Magistrate presiding over this action and members of their families; (2)

Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

43.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

44.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendants used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Classes;

(b) whether Defendants sent unsolicited text messages to phone numbers registered on the DNC;

(c) whether Defendants' conduct constitutes a violation of the TCPA; and

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

45.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

46.    **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the

complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Stackin, Inc. Autodialed No Consent Class)**

47.     Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference.

48.     Stackin, Inc. and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Stackin, Inc. Autodialed No Consent Class using an autodialer.

49.     These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Stackin, Inc. Autodialed No Consent Class to receive such solicitation text messages.

50.     Stackin, Inc. has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Stackin, Inc.'s conduct, Plaintiff and the other members of the Stackin, Inc. Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

51.     In the event that the Court determines that Stackin, Inc.'s conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stackin, Inc. Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Stackin, Inc. Do Not Call Registry Class)**

52.     Plaintiff repeats and realleges the paragraphs 1 through 46 of this Complaint and incorporates them by reference.

53.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

54.     47 C.F.R. § 64.1200(e) provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

55.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based

on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

56.     Stackin, Inc. violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Stackin, Inc. Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

57.     Stackin, Inc. violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Stackin, Inc. Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Stackin, Inc. in violation of 47 C.F.R. § 64.1200, as described above.

58.     As a result of Stackin, Inc.'s conduct as alleged herein, Plaintiff and the Stackin, Inc. Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to up to $1,500 in damages for such violations of 47 C.F.R. § 64.1200.

## THIRD CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Stackin, LLC Autodialed No Consent Class)

59.     Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference.

60.     On behalf of Stackin, LLC, Stackin, Inc. and/or its agents sent unwanted solicitation text messages regarding Stackin, LLC to cellular telephone numbers belonging to Plaintiff and the other members of the Stackin, LLC Autodialed No Consent Class using an autodialer.

61.     These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Stackin, LLC Autodialed No Consent Class to receive such solicitation text messages.

62.     Stackin, LLC has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Stackin, Inc.'s conduct, Plaintiff and the other members of the Stackin, LLC Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

63.     In the event that the Court determines that Stackin, LLC's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stackin, LLC Autodialed No Consent Class.

## FOURTH CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Stackin, LLC Do Not Call Registry Class)**

64.     Plaintiff repeats and realleges the paragraphs 1 through 46 of this Complaint and incorporates them by reference.

65.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

66.     47 C.F.R. § 64.1200(e) provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

67.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

68.     Stackin, LLC violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Stackin, LLC Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69.     Stackin, LLC violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Stackin, LLC Do Not Call Registry Class received more than one phone call/text message in a 12-month period by or on behalf of Stackin, LLC in violation of 47 C.F.R. § 64.1200, as described above.

70.     As a result of Stackin, LLC's conduct as alleged herein, Plaintiff and the Stackin, Inc. Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to up to $1,500 in damages for such violations of 47 C.F.R. § 64.1200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maddux, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his attorneys as Class Counsel;

b)  An award of actual and/or statutory damages and costs;

c) An order declaring that the Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**PAUL MADDUX**, individually and on behalf of those similarly situated individuals

Dated: August 2, 2019

*/s/ Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*